NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMANDA WRAY HOPE ARMSTRONG, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner of Social Security, <br><br> Defendant - Appellee. | No. 25-529 <br><br> D.C. No. 2:24-cv-00691-GJL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge, Presiding

Submitted June 10, 2026[**]
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges.

Amanda Armstrong appeals a district court judgment affirming the Social

Security Commissioner's denial of her application for disability benefits. Because

the parties are familiar with the facts, we do not recount them here. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's decision affirming the denial of benefits, and the Administrative Law Judge's (ALJ's) denial of benefits for substantial evidence or legal error. *Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022). We affirm.

On appeal, Armstrong raises a single issue: whether the ALJ improperly discounted her testimony about the severity of her headaches. We conclude that the ALJ did not err. An ALJ may discount an applicant's "testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (citation modified). The ALJ's decision satisfies this standard.

The ALJ noted discrepancies between Armstrong's testimony that she experiences debilitating symptoms and her testimony regarding activities she performs. Specifically, Armstrong testified that she can crochet, paint, help her kids with their homework about four days a week, cook, clean, and do laundry. The ALJ also identified discrepancies between Armstrong's testimony about her symptoms and descriptions of those symptoms in her medical records. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

Contrary to Armstrong's contention, the ALJ recognized that she described two types of headaches of variable intensity and frequency, but also recognized that her testimony about her symptoms differed significantly from the reports she provided to her care providers. For example, Armstrong testified that she experienced migraines approximately five to 15 days each month lasting hours or even days at a time, and other headaches, sometimes "every single day." But treatment records show that the frequency of headaches she reported varied and, at times, she reported no headaches or reduced headaches when taking medications. These discrepancies were "specific, clear and convincing reasons" for discounting Armstrong's testimony. *Garrison*, 759 at 1015.

In addition to her general contention that the ALJ improperly discounted her testimony, Armstrong argues the ALJ made several specific errors in discounting her testimony. We reject each contention. First, Armstrong argues that "the record directly contradicts the notion that [her] headaches are merely rebound headaches." But the ALJ did not find that her headaches were rebound headaches. Rather, the ALJ noted that Armstrong's care providers suggested that her headaches might be caused by overuse of nonprescription medication such as ibuprofen and suggested that she try alternative medication and lifestyle changes. The record indicates she did not follow all these recommendations. In considering Armstrong's subjective testimony as to the severity of her symptoms, the ALJ was permitted to consider

her "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citation modified).

Second, Armstrong argues that "the variable intensity of her headaches is not in any way inconsistent with her allegations," and that her report to a care provider in June of 2023 that she had experienced 0–1 migraines and a 75% reduction in headaches was "fully consistent with her testimony that she experiences five to fifteen migraines per month." But the ALJ did not question that Armstrong suffered from headaches. Rather, the ALJ recognized that Armstrong experiences two different types of headaches. Nevertheless, her testimony described the symptoms differently than the medical record. For example, Armstrong reported to a care provider that her medications decreased her symptoms by 25–50%, her medical providers made normal findings on physical examinations and noted that her medication was working "well for her," and she sometimes described her headaches as merely "mild" and only "annoying." The record supports the ALJ's conclusion that Armstrong's subjective testimony conflicted with the medical evidence and with Armstrong's own testimony regarding her abilities despite suffering from headaches.

Third, Armstrong argues that the ALJ did not acknowledge that she experienced multiple side effects from her medications. However, the ALJ

correctly cited instances in the record when she reported no side effects, including from a new medication, lamotrigine. While the record also includes instances when Armstrong complained of side effects, it appears that those resulted from medications she discontinued. Armstrong has repeatedly reported that her current medication does not cause side effects.

Finally, Armstrong argues that the ALJ misunderstood the medical significance of the phrase "no acute distress," which appears in her medical records. The ALJ used this phrase when describing the treatment notes. The ALJ appropriately concluded that based on the treatment notes, which included findings of "no acute distress" and other normal findings of head and neurological examinations, the physical examinations did not support Armstrong's reports of debilitating symptoms. The ALJ thus considered Armstrong's providers' observations as to her general affect and physical condition to conclude that her "allegations of debilitating symptoms" were inconsistent with the record.

In sum, substantial evidence supports the ALJ's conclusion that Armstrong's testimony regarding the severity of her headaches conflicted with her testimony of daily activities and the contemporaneous medical record, including evidence that her headaches improved with medicine. *See Carmickle*, 533 F.3d at 1161.

**AFFIRMED.**